UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WELBY THOMAS COX, JR. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-01601-JPH-MJD |
| | ) |
| US DEPARTMENT OF JUSTICE, | ) |
| JOHN E. CHILDRESS Acting United | ) |
| States Attorney | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This case is proceeding on Mr. Cox's claim under the Administrative Procedure Act that the United States is unlawfully collecting his restitution debt from social security payments. *See* dkt. 44. Review of the government's actions under the Administrative Procedure Act is generally "confined to the administrative record." *Citizens for Appropriate Rural Roads v. Foxx*, 815 F.3d 1068, 1081 (7th Cir. 2016). The government filed the administrative record in February 2025, dkt. 51, and the Court has entered a briefing schedule for resolving Mr. Cox's claim, *see* dkt. 44.

The government is withholding 15% of Mr. Cox's social security benefits. Dkt. 49 at 1; *see* dkt. 59-1 at 3. Mr. Cox has filed a motion to stay that withholding pending the resolution of this case. Dkt. 49. The Court construes this request as a motion for preliminary injunction, which requires Mr. Cox to demonstrate, "[a]s a threshold matter, . . . (1) some likelihood of succeeding on the merits, and (2) that it has no adequate remedy at law and will suffer

irreparable harm if preliminary relief is denied." *Int'l Ass'n of Fire Fighters, Local 365 v. City of E. Chi.*, 56 F.4th 437, 446 (7th Cir. 2022).

Here, Mr. Cox has not shown that he would suffer irreparable harm without a stay. He alleges that he will suffer "the further impoverishment of [his] financial condition," but has not provided evidence of his financial condition or the harm he will suffer from the 15% withholding. *See* dkt. 49 at 2. Without that evidence, Mr. Cox has not shown irreparable harm because there is no presumption of irreparable harm when social security payments or other public benefits are involved. *See Martin v. Shalala*, 63 F.3d 497, 505 (7th Cir. 1995) (finding no irreparable harm in delay of benefit payments when plaintiffs offered "no showing of injury, hardship, or futility"); *Miller v. Burwell*, No. 14-cv-4245, 2015 WL 2257278 at *8 (N.D. Ill. May 11, 2015) ("[T]here is no basis" to find irreparable harm when plaintiff "does not indicate that he is physically dependent on Social Security [disability] payments.").[1] Mr. Cox's motion to stay and his "motion to expedite" seeking the same relief are therefore **DENIED**. Dkt. [49]; dkt. [59].

Mr. Cox has also "demand[ed] . . . that this court provide a pro bono lawyer from the thousands out there eager to assist an indigent person." Dkt. 53 at 1. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). "Two questions guide this court's discretionary decision whether to

---

[1] The Court therefore does not address the remaining injunction factors. *See Halczenko v. Ascension Health, Inc.*, 37 F.4th 1321, 1326 (7th Cir. 2022).

recruit counsel: (1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Id.* (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). "Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014).

Here, for the first question, Mr. Cox does not describe any attempts to find *pro bono* counsel. *See* dkt. 53. He therefore has not made a reasonable attempt to secure counsel on his own. *See Farmer v. Haas*, 990 F.2d 319, 321 (7th Cir. 1993) (requiring "some effort to secure a lawyer in the private market"). For the second question, the Court considers "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014). Here, Mr. Cox has effectively communicated his arguments in this case, and his narrow APA claim is not too complex for him to litigate on his own. *Cf. Riley v. Waterman*, 126 F.4th 1287, 1298–99 (7th Cir. 2025) ("Relatively straightforward claims" do not require appointed counsel.).

Mr. Cox's request to appoint counsel is therefore **DENIED**. The **Clerk is directed** to updated Mr. Cox's address to the one listed in the distribution.

**SO ORDERED.**

Date: 4/29/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

WELBY THOMAS COX, JR.
415 NW 9th St.
Richmond, IN 47374

All electronically registered counsel