UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WELBY THOMAS COX, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-01601-JPH-MJD |
| | ) | |
| US DEPARTMENT OF JUSTICE, | ) | |
| JOHN E. CHILDRESS Acting United | ) | |
| States Attorney | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

The United States Department of Justice sent Welby Cox a notice in 2015 that it intended to reduce or withhold his federal payments to pay his restitution debt, and then in 2023 spoke to him about making payments on that debt. Mr. Cox then brought this case challenging the Department's actions under the Administrative Procedure Act. The Department has filed a motion for summary judgment. Dkt. [57]. For the reasons below, that motion is **GRANTED**.

**I.**
**Facts and Background**

In cases brought under the Administrative Procedure Act (APA), the Court is generally "confined to the administrative record." *Little Company of Mary Hosp. v. Sebelius*, 587 F.3d 849, 856 (7th Cir. 2009).

Mr. Cox was sentenced in 2010 for Interstate Transportation of Stolen Money and ordered to pay $285,000 in restitution. *United States v. Cox*, 3:06-cr-92, dkt. 97 (W.D. Ky.); dkt. 51-3 at 7. In January 2015, the Department

1

sent Mr. Cox a "Notice of Intent to Offset" listing a balance due of $453,443 from the judgment in his criminal case.  Dkt. 51-6 at 1.  The Notice informed Mr. Cox that he was required to pay the debt in full, enter a repayment plan, or present evidence that the debt was not past due or had been stayed or satisfied.  *Id.* at 1–2.  The Notice also warned that if he did not do any of those within sixty days, "the Department of Justice will refer the debt to the Department of the Treasury and any and all payments due to you from the Federal government will be offset to pay the amount of your judgment debt."  *Id.* at 2.

In July 2023, the United States Attorney's Office for the Southern District of Indiana reviewed Mr. Cox's restitution debt and spoke to him about entering a payment plan.  Dkt. 51-8 at 2.

Mr. Cox brought this case in August 2023, alleging that he had been wrongfully incarcerated and unlawfully ordered to pay restitution.  Dkt. 1. After this Court dismissed the complaint, the Seventh Circuit reversed in part, holding that Mr. Cox had adequately stated an Administrative Procedure Act ("APA") claim challenging the Department's compliance "with the notice and review requirements" of the Treasury Offset Program.  Dkt. 40 at 4.  On remand, the Department filed a motion for summary judgment.  Dkt. 57.

## II.
## Summary Judgment Standard

The APA "sets forth the procedures by which federal agencies are accountable to the public and their actions subject to review by the courts." *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.,* 591 U.S. 1, 16 (2020).  A

federal court "may set aside agency action if it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.'" *Nat'l Wildlife Fed'n v. U.S. Army Corp. of Eng'rs.*, 75 F.4th 743, 748–49 (7th Cir. 2023) (quoting 5 U.S.C. § 706(2)(A)).

### III.
### Analysis

Federal agencies are required to try to collect debts owed to the United States "arising out of the activities of, or referred to, the agency." 31 U.S.C. § 3711(a)(1); *see Stacy v. United States*, 70 F.4th 369, 374 (7th Cir. 2023). "After trying to collect a [debt] . . . the head of an executive, judicial, or legislative agency may collect the claim by administrative offset" through the Treasury Offset Program. 31 U.S.C. § 3716(a); *see* 31 C.F.R. § 285.5; *Cox v. U.S. Dept. of Justice*, No. 24-1606, 2024 WL 4635241 at *2 (7th Cir. Oct. 31, 2024) ("The Treasury Offset Program provides the government with statutory authority to offset funds payable by the United States to any individual who owes delinquent federal debt.").

Before collecting debt through the Treasury Offset Program, the agency must provide the debtor notice and an opportunity to review the claim:

> The head of the agency may collect by administrative offset only after giving the debtor—
> (1) written notice of the type and amount of the claim, the intention of the head of the agency to collect the claim by administrative offset, and an explanation of the rights of the debtor under this section;
> (2) an opportunity to inspect and copy the records of the agency related to the claim;

(3) an opportunity for a review within the agency of the decision of the agency related to the claim; and

(4) an opportunity to make a written agreement with the head of the agency to repay the amount of the claim.

31 U.S.C. § 3716(a); *Cox*, 2024 WL 4635241 at *2.

Here, the Department argues that it's entitled to summary judgment because it provided the required notice, so it did not act contrary to law under the APA. Dkt. 58 at 8–9. While Mr. Cox has submitted several filings since the Department's motion for summary judgment, he has not responded to the Department's motion. *See, e.g.*, dkt. 66; dkt. 72. He briefly argues, however, that there is no jurisdiction for the garnishment of his social security benefits in this district, dkt. 69 at 2, and that too much of his social security benefits is being withheld, dkt. 71 at 1–2.

The administrative record demonstrates that the Department provided Mr. Cox the notice and opportunity to review that is required to collect debt through the Treasury Office Program. *See* 31 U.S.C. § 3716(a); dkt. 51-6. The January 2015 notice informed Mr. Cox of the nature and balance of the debt, the Department's intent to collect by treasury offset, his ability to "enter into a repayment agreement," and how to contact the Department with inquiries or submit relevant evidence. Dkt. 51-6 at 1–2. Mr. Cox makes no argument that this notice was insufficient under 31 U.S.C. § 3716(a), *see* dkt. 59; dkt. 60; dkt. 66; dkt. 69, dkt. 71; dkt. 72, waiving any challenge to the notice, *Lewis v. Ind. Wesleyan Univ.*, 36 F.4th 755, 760–61 (7th Cir. 2022). Moreover, several

courts have found that the Department's notice is sufficient. *See United States v. Hayes*, No. 23-3252, 2023 WL 10553977 at *2 (6th Cir. Nov. 13, 2023) (unpublished) (affirming the United States Attorney's Office's use of "a notice of intent to offset using the Treasury Offset Program"); *United States v. Graziano*, No. 3:20-cr-229, 2024 WL 4820368 at *2–3 (M.D. Penn. Nov. 18, 2024) (finding lack-of-notice argument "flatly contradicted by the 'Notice of Intent to Offset' submitted by the Government, which was sent to Defendant over three years ago").[1]

Instead, Mr. Cox briefly argues that there was no jurisdiction for the garnishment of his social security in this district because he was sentenced in the Western District of Kentucky. Dkt. 69 at 2. He also contends that too high a percent of his social security benefits is being withheld, Dkt. 71 at 1–2. But the only defendant in this case is the Department of Justice and the only claim is Mr. Cox's challenge to that Department's *notice*. *See* dkt. 1 at 1; *Cox*, 2024 WL 4635241 at *2–3. The *garnishment* was handled by the Department of the Treasury. Dkt. 29-1 at 20; *see Duronio v. Parker*, No. 23-1446, 2024 WL 3898010 at *3 (D.N.J. Aug. 22, 2024) (explaining that agencies like the Department of Justice "refer delinquent nontax debts to the U.S. Department of the Treasury . . . for collection through offsets"). Regardless, neither the Department of Justice nor the Department of the Treasury are limited to acting in one judicial district, and Mr. Cox has identified no authority making the

---

[1] The notices of intent to offset in *Hayes* and *Graziano* are materially identical to the notice that Mr. Cox received. *See United States v. Hayes*, No. 1:01-cr-75-SJD, dkt. 60-1 (S.D. Ohio); *Graziano*, No. 3:20-cr-229, dkt. 28-4.

Western District of Kentucky the only proper district for debt collection. *See* 31 U.S.C. § 3716(a), (c)(1)(A).  And his argument that his withholdings are too high relies only on a statute limiting interest accrual, not garnishment toward a balance. *See* 31 U.S.C. § 3717.

The Department is therefore entitled to summary judgment on Mr. Cox's APA claim.

### IV.
### Conclusion

The Department's motion for summary judgment is **GRANTED**.  Dkt. [57].  Mr. Cox has filed a motion for fee clarification, dkt. [65], which is **GRANTED to the extent** that he is informed that he has paid the district court filing fee of $402.00, dkt. 4.  Mr. Cox's motions to stay or vacate withholdings from his social security benefits are **DENIED** because the Department is entitled to summary judgment on his challenge to the Department's actions. Dkt. [66]; dkt. [69]; dkt. [72]; dkt. [75]; dkt. [77].  Mr. Cox's motion for status is **GRANTED** as the Court has issued this order.  Dkt. [74].

Final judgment will issue in a separate entry.

**SO ORDERED.**

Date: 3/20/2026

James Patrick Hanlon
James Patrick Hanlon
United States District Judge
Southern District of Indiana

6

Distribution:

WELBY THOMAS COX, JR.
415 NW 9th St.
Richmond, IN 47374

All electronically registered counsel