UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WELBY THOMAS COX, JR. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-01601-JPH-MJD |
| | ) |
| US DEPARTMENT OF JUSTICE, et al. | ) |
| | ) |
| Defendants. | ) |

**ORDER**

In March 2026, the Court granted Defendants' motion for summary

judgment on Welby Cox's Administrative Procedure Act challenge to the

Department of Justice's efforts to collect his restitution debt.  Dkt. 78; *see* dkt.

79 (final judgment).  Mr. Cox has filed a motion to alter or amend the judgment

under Federal Rule of Civil Procedure 59(e).  Dkt. 80.  He argues that he was

not notified of the deadline to response to the Department of Justice's motion

for summary judgment and that the Court failed to adhere to the Seventh

Circuit's mandate previously issued in this case.  *Id.*  The Department of

Justice responds that the Court committed no error.  Dkt. 81.

"Relief under Rule 59(e) is generally reserved for extraordinary cases."

*Reilly v. Will Co. Sheriff's Off.*, 142 F.4th 924, 929 (7th Cir. 2025).  "A Rule 59(e)

motion can be granted only where the movant clearly establishes: (1) that the

court committed a manifest error of law or fact, or (2) that newly discovered

evidence precluded entry of judgment."  *Barrington Music Prods., Inc. v. Music &*

1

*Arts Ctr.*, 924 F.3d 966, 968 (7th Cir. 2019).  "Rule 59(e) does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to judgment."  *Id.*

Here, Mr. Cox argues that he was not informed of the summary judgment briefing schedule or the opportunity to respond to the Department of Justice's motion for summary judgment.  Dkt. 80 at 1.  That deadline, however, was set by Court order, dkt. 44, and even if it had not been, Mr. Cox could have calculated the deadline under Local Rule 56-1, which requires a response brief "within 28 days after the movant serves" its summary judgment motion.

Mr. Cox next contends that the Court misstated the year that he was sentenced and did not recognize some of his prior communications with the Department of Justice.  Dkt. 80 at 1–1.  But the Court correctly identified the date of Mr. Cox's amended judgment, and none of the alleged facts that Mr. Cox identifies are relevant to the issues resolved in the summary judgment order.  *See* dkt. 78; *Barrington Music Prods.*, 924 F.3d at 968.

Finally, Mr. Cox argues that the Court's summary judgment order failed to adhere to the Seventh Circuit's mandate in his earlier appeal in this case by granting summary judgment "on a perceived procedural default" rather than on the merits.  Dkt. 80 at 2.  The Department of Justice was entitled to summary judgment in this case because it provided the notice required by the Treasury Offset Program.   Dkt. 78 at 3–6.  While the Court held that Mr. Cox waived any challenge to the notice's sufficiency under 31 U.S.C. § 3716, *id.* at 4, nothing in

the Seventh Circuit's prior mandate prevented the application of ordinary waiver principles, dkt. 40 (remanding for adjudication of Mr. Cox's APA claim and finding other arguments waived).

Mr. Cox's Rule 59(e) motion to alter or amend the judgment is therefore **DENIED**.  Dkt. [80].

Mr. Cox has also filed a motion to proceed on appeal *in forma pauperis*. Dkt. [83]; *see* dkt. 84.  That motion is **GRANTED**.  *See Thomas v. Zatecky*, 712 F.3d 1004, 1005 (7th Cir. 2013) ("[T]he possibility of litigating *in forma pauperis*—applies to 'any suit, action or proceeding, civil or criminal, or appeal therein.'").  While *in forma pauperis* status allows Mr. Cox to proceed without prepayment of fees, he remains liable for the fees.  *See Rosas v. Roman Catholic Archdiocese of Chicago*, 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' . . . but not without *ever* paying fees.").

**SO ORDERED.**

Date: 5/27/2026

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

WELBY THOMAS COX, JR.
415 NW 9th St.
Richmond, IN 47374

All electronically registered counsel